ROBERT A. COCCHIA (Bar No. 172315)
robert.cocchia@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California  92121
Telephone:  (619) 236-1414
Facsimile:   (619) 232-8311

RONALD D. KENT (Bar No. 100717)
ronald.kent@dentons.com
JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Telephone:  (213) 623-9300
Facsimile:   (213) 623-9924

Attorneys for Defendants
First American Financial Corporation and
First American Title Insurance Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shreyas Sindaghatta, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>             v.<br><br>First American Financial Corporation; First American Title Insurance Company,<br><br>                         Defendants. | Case No. 19-CV-1083-H-RBB<br><br>**DEFENDANTS FIRST AMERICAN FINANCIAL CORPORATION AND FIRST AMERICAN TITLE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE OR STAY PURSUANT TO FIRST-TO-FILE RULE OR, IN THE ALTERNATIVE, PURSUANT TO 28 U.S.C. SECTION 1404(A); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:     August 5, 2019**<br>**Time:     10:30 a.m.**<br>**Ctrm.:   Ctrm. 15A, 15th Floor**<br>**Judge:   Hon. Marilyn L. Huff** |

*DENTONS US LLP*
*4655 EXECUTIVE DRIVE, SUITE 700*
*SAN DIEGO, CALIFORNIA  92121*
*(619) 236-1414*

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on August 5, 2019, at 10:30 a.m. or as soon

3 thereafter as this matter can be heard, in Courtroom 15A of this Court, located at

4 333 West Broadway, San Diego, CA, the Honorable Marilyn L. Huff presiding,

5 Defendants First American Financial Corporation and First American Title

6 Insurance Company (together "First American") will, and hereby do, move the

7 Court to transfer this action to the Central District of California, Western Division,

8 pursuant to the doctrine of federal comity or, in the alternative, pursuant to 28

9 U.S.C. § 1404(a), on the grounds that numerous other virtually identical class

10 actions, filed prior to this matter, are already pending in the Central District.

11 Alternatively, First American moves this Court for a stay of this action pending the

12 resolution of those related cases in the Central District.

13    This Motion is based on this Notice of Motion and Motion, the attached

14 Memorandum of Points and Authorities, the concurrently filed Declaration of

15 Robert A. Cocchia and Request for Judicial Notice, the pleadings, records and files

16 in this action, and such other evidence and argument as may be presented at the

17 time of hearing on this Motion.

18

19 Dated:  July 2, 2019        DENTONS US LLP

20

21         By: _/s/ Robert A. Cocchia_

22         Robert A. Cocchia
           Ronald D. Kent

23         Joel D. Siegel
           Paul M. Kakuske

24         Attorneys for Defendants
           First American Financial Corporation

25         and First American Title Insurance
           Company

26

27

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

# **TABLE OF CONTENTS**

**Page**

I.   STATEMENT OF FACTS ................................................................. 1

II.   ISSUES ........................................................................................... 4

    A.   Whether The Court Should Transfer This Action To The Central District Of California, Western Division, Pursuant To The "First-To-File Rule", Or Pursuant To 28 U.S.C. § 1404(a) .................. 4

    B.   Alternatively, Whether The Court Should Stay This Action Pending Resolution Of The Earlier-Filed Action(s) ............................ 4

III.   ARGUMENT ................................................................................... 4

    A.   The First-To-File Rule Supports Transfer To The Central District ........................................................................................... 4

        1.   A Transfer Or Stay Is Warranted Because The Parties Are The Same .................................................................................. 5

        2.   Both Class Actions Raise The Same Issues ................................ 6

        3.   No Equitable Exceptions To The First-To-File Rule Apply ..................................................................................... 8

    B.   Transfer Should Also Be Granted Pursuant to 28 U.S.C. § 1404(a) ....................................................................................... 9

        1.   This Case Might Have Been Brought In the Central District ..................................................................................... 9

        2.   Transfer Serves The Interests Of Justice And The Convenience Of Witnesses ....................................................... 9

    C.   Alternatively, This Action Should Be Stayed Pending Resolution Of The *Gritz* matter .......................................... 11

IV.   CONCLUSION ............................................................................. 13

CASE NO. 19-CV-1083-H-RBB

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ...................................................................5, 8, 12

*Barrington Group, Ltd. v. Genesys Software Sys.*,
    239 F.Supp. 2d 870 (E.D. Wis. 2003) ...............................................................12

*Cedars-Sinai Med. Ctr. V. Shalala*,
    125 F.3d 765 (9th Cir. 1977) ...........................................................................11

*Centocor, Inc. v. MedImmune, Inc.*,
    2002 WL 31465299 (N.D. Cal. Dec. 16, 2005) ..................................................8

*Clinton v. Jones*,
    520 U.S. 681 (1997) .........................................................................................12

*Colo. River Water Conserv. Dist. V. United States*,
    424 U.S. 800 (1976) .....................................................................................4, 11

*David Gritz v. First American Financial Corporation and First*
    *American Title Company*,
    Case No. 19-cv-01009 ..............................................................................*passim*

*Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*,
    No. C 06-00718 SBA, 2006 WL 1305235 (N.D. Cal. May 11,
    2006) ................................................................................................................6, 7

*Dumas v. Major League Baseball Props., Inc.*
    52 F.Supp 2d 1183 (S.D. Cal. 1999) ..................................................................8

*Elecs. for Imaging, Inc. v. Tesseron, Ltd.*,
    No. C 07-05534 CRB, 2008 WL 276567 (N.D. Cal. Jan. 29. 2008) ...........10, 11

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ...........................................................................................4

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*,
    179 F.R.D. 264 (C.D. Cal. 1998) ......................................................................8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

*Inherent.com v. Martindale-Hubbell*,
  420 F.Supp.2d 1093 (N.D. Cal. 2006)................................................................. 7

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180 (1952) ...................................................................................... 11, 12

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ........................................................................... 12

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ............................................................................. 11

*North American Cas. Ins. Co. v. Encompass Power Servs., Inc.*,
  2005 WL 3453947 (E.D. Cal. Dec. 16, 2005) ..................................................... 8

*Nova Wines, Inc. v. Adler Fels Winery LLC*,
  No. C 06-6149, MHP, 2007 WL 708556 (N.D. Cal. March 2, 2007).................... 5

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982) ................................................................................. 5

*Papaleo v. Cingular Wireless Corp.*,
  No. C 07-1234 MMC, 2007 WL 1238713 (N.D. Cal. Apr. 26 2007)........... 10, 11

*Peak v. Green Tree Fin. Serv. Corp.*,
  No C 00-0953 SC, 2000 WL 973685 (N.D. Cal. July 7, 2000) ........................ 6, 7

*SAES Getters S.P.A. v. Aeronex, Inc.*,
  219 F.Supp.2d 1081 (S.D. Cal. 2002) .................................................................. 5

*Serlin v. Arthur Andersen & Co.*,
  3 F.3d 221 (7th Cir. 1993) ................................................................................. 12

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
  495 F. Supp. 2d 1052 (S.D. Cal. 2007) .............................................................. 12

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) ............................................................................................ 9

*Wyndham Assocs. V. Bintliff*,
  398 F.2d 614 (2d Cir. 1968) ................................................................................ 9

CASE NO. 19-CV-1083-H-RBB

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

1

**Statutes**

2

28 U.S.C.

3

§ 1404(a) ............................................................................ 9, 10, 11

4

California Business and Professions Code

5

§ 17200 ......................................................................................... 7

6

**Other Authorities**

7

Article posted May 24, 2019 on https://krebsonsecurity.com .................................... 7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

CASE NO. 19-CV-1083-H-RBB

1  Defendants First American Financial Corporation and First American Title
2  Insurance Company (together "First American") move to transfer the venue of
3  Plaintiff Shreyas Sindaghatta's ("Plaintiff's") class action lawsuit to the Central
4  District of California, Western Division, or in the alternative to stay the action.

5
6  **I.  STATEMENT OF FACTS**

7  On May 24, 2019, a story posted on the Internet claimed First American had
8  experienced data security issues regarding the personal information of real estate
9  buyers and sellers.  ECF No. 1, Complaint, ¶ 10. Immediately following the story
10 nineteen identical, or virtually identical, nationwide class actions were filed against
11 First American in various federal courts.  Declaration of Robert A. Cocchia
12 ("Cocchia Decl."), ¶¶ 2 - 21, Request for Judicial Notice ("RJN") Exhs. A - T.
13 Two other class actions were filed in state court.  The first class action, titled *David*
14 *Gritz v. First American Financial Corporation and First American Title Company*,
15 Case No. 19-cv-01009, was filed on May 27, 2019, and is in the United States
16 District Court for the Central District of California, Western Division (Los
17 Angeles), before the Honorable Dale S. Fischer.  Cocchia Decl., ¶ 2, RJN Exh. A.
18 Of the nineteen federal class actions, fifteen are pending in the Central District, and
19 each of those fifteen is already in front of Judge Fischer as a "related" action.

20 This putative nationwide class action was filed on June 10, 2019 and was the
21 *eleventh* nationwide class action filed against First American on behalf of the same
22 class of plaintiffs, concerning the same alleged conduct, and presenting the same, or
23 substantially similar, issues as the prior ten actions.  Since Plaintiff filed his action,
24 ten additional class actions have been filed.  The chronology of the class action
25 filings, and the courts where those cases are pending, is set forth in the following
26 chart[1]:

27

28 _____

[1] Copies of the twenty other class actions are attached to the RJN as Exhibits A - T.

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

| No. | Filing Date | Parties | Case No. | Assigned District Judge |
|---|---|---|---|---|
| 1. | 5/27/19 | David Gritz v. First American Financial Corporation and First American Title Company | 19-cv-01009 | Hon. Dale S. Fischer (C.D. CA) |
| 2. | 5/28/19 | Fred Shakib v. First American Financial Corporation | 19-cv-01022 | Hon. Dale S. Fischer (C.D. CA) |
| 3. | 5/28/19 | Larry Willis v. First American Financial Corporation and First American Title Company | 19-cv-01023 | Hon. Dale S. Fischer (C.D. CA) |
| 4. | 5/29/19 | Donald J. Bahnmaier v. First American Financial Corporation | 19-cv-01040 | Hon. Dale S. Fischer (C.D. CA) |
| 5. | 5/30/19 | Toppings Path Holding, LLC v. First American Financial Corporation, First American Title Company, and First American Title Insurance Company | 19-cv-01051 | Hon. Dale S. Fischer (C.D. CA) |
| 6. | 6/3/19 | Antonio Barajas and Kathleen Barajas v. First American Financial Corporation and First American Title Company | 19-cv-01078 | Hon. Dale S. Fischer (C.D. CA) |
| 7. | 6/4/19 | Jacqueline Mohr v. First American Financial Corporation and First American Title Company | 19-cv-01102 | Hon. Dale S. Fischer (C.D. CA) |
| 8. | 6/4/19 | Brent and Teri Johnson, LLC v. First American Financial Corporation and First American Title Company | 19-cv-01112 | Hon. Dale S. Fischer (C.D. CA) |
| 9. | 6/4/19 | Ben Dinh v. First American Financial Corporation and First American Title Company | 19-cv-01105 | Hon. Dale S. Fischer (C.D. CA) |
| 10. | 6/7/19 | Jesus Resendiz v. First American Financial Corporation and First American Title Insurance Company | 19-cv-01137 | Hon. Dale S. Fischer (C.D. CA) |
| 11. | 6/10/19 | Shreyas Sindaghatta v. First American Financial Corporation and First American Title Insurance Company | 19-cv-01083 | Hon. Marilyn L. Huff (S.D. CA) |
| 12. | 6/11/19 | Carol A. Woodard v. First American Financial Corporation and First American Title Company | 19-cv-01156 | Hon. Dale S. Fischer (C.D. CA) |
| 13. | 6/12/19 | Paul E. Kuntz Jr. v. First American Financial Corporation | 19-cv-11749 | Stephen J. Murphy (E.D. Mich.) |
| 14. | 6/12/19 | Lasheeda Forney, Ryan Goodyear and Brooke Wray Hager v. First American Financial Corporation and First American Title Company | 19-cv-01180 | Hon. Dale S. Fischer (C.D. CA) |

CASE NO. 19-CV-1083-H-RBB

| No. | Filing Date | Parties | Case No. | Assigned District Judge |
|-----|-------------|---------|----------|-------------------------|
| 15. | 6/13/19 | James Ross v. First American Financial Corporation and First American Title Company | 19-cv-01176 | Hon. Dale S. Fischer (C.D. CA) |
| 16. | 6/18/19 | James Weldon v. First American Title Company | 30-2019-01077622 | Hon. Randall J. Sherman (Orange County Sup. Ct.) |
| 17. | 6/20/19 | Jordan Hull v. First American Financial Corporation and First American Title Company | 19-cv-01234 | Hon. Dale S. Fischer (C.D. CA) |
| 18. | 6/24/19 | Sara Latta, Michael Latta v. First American Financial Corporation | 30-2019-01078589 | Hon. William Klaster (Orange County Sup. Ct.) |
| 19. | 6/25/19 | Roger Campbell, Gillian Schaadt, and Shreyas Sindaghatta v. First American Financial Corporation and First American Title Company | 19-cv-3695 | Magistrate Judge Laurel Beeler (N.D. CA) |
| 20. | 6/25/19 | Scott Seiwert, 7809 Timber Hill LLC v. First American Financial Corporation and First American Title Company | 19-cv-00988 | Hon. Robert S. Lasnik (W.D. WA (Seatlle)) |
| 21. | 6/26/19 | Mitchell McPherson v. First American Financial Corporation and First American Title Company | 19-cv-05552 | Hon. Dale S. Fischer (C.D. CA) |

On June 14, 2019, plaintiffs in the sixth filed case, Antonio Barajas and Kathleen Barajas, filed a motion for transfer seeking to establish a MDL proceeding before the District Judge who had been randomly assigned to their case (the Hon. Andrew J. Guilford, who presides in the Central District, *Southern Division*) before that case was transferred to Judge Fischer as a "related" action. Cocchia Decl., ¶ 22, RJN Exh. U. Notably, Barajas' MDL motion ignores the fact that all 15 related actions currently pending in the Central District are all pending in the Western Division, before Judge Fischer. None are pending in the Southern Division, much less pending before Judge Guilford. First American intends to oppose this MDL motion. First American's opposition is due July 8, 2019 and Barajas' reply is due on July 15, 2019. Regardless, the MDL Panel will ultimately determine whether the cases should be consolidated in the Southern Division, but

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

the decision should have no impact on the resolution of this motion to transfer *Sindaghatta* to the Central District, Western Division, in the interim.

On June 24, 2019, plaintiffs' counsel for twelve of the pending class actions, including *Sindaghatta*, jointly wrote to counsel for First American advising that they <u>consented to transfer to the Central District</u>, but only if the transfer was to the Southern Division, and asking First American to stipulate to the same.  Cocchia Decl., ¶ 23, Exh. V.  First American declined to stipulate as it contends the cases should be coordinated before Judge Fischer in the Western Division pursuant to the first-to-file rule.

## II.    ISSUES

A.    **Whether The Court Should Transfer This Action To The Central District Of California, Western Division, Pursuant To The "First-To-File Rule", Or Pursuant To 28 U.S.C. § 1404(a)**

B.    **Alternatively, Whether The Court Should Stay This Action Pending Resolution Of The Earlier-Filed Action(s)**

## III.   ARGUMENT

A.    **The First-To-File Rule Supports Transfer To The Central District**

It is a well-settled principle that federal courts have the power to transfer, stay or dismiss a lawsuit that parallels an action previously filed in a different District Court. The Supreme Court has emphasized that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money…." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (citation omitted); *see also Colo. River Water Conserv. Dist. V. United States*, 424 U.S. 800, 817 (1976) (stating in dicta that, "[a]s between federal district courts… though no precise rule has evolved, the general principle is to avoid duplicative litigation.")  Thus, where a complaint involving the same parties and same issues has already been filed in a different federal district, the court in which the second suit is filed may either

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

transfer, stay or dismiss the second suit. *Alltrade, Inc. v. Uniweld Prods., Inc*., 946 F.2d 622 (9th Cir. 1991); *Pacesetter Sys., Inc. v. Medtronic, Inc*., 678 F.2d 93, 94-95 (9th Cir. 1982) (typically "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action").

In the case of a duplicative action, principles of comity and judicial economy give rise to the first-to-file rule, whereby courts in the Ninth Circuit agree that "the court of the later-filed action should defer to the court of the jurisdiction of the first-filed action by either dismissing, staying, or transferring the later-filed suit." *SAES Getters S.P.A. v. Aeronex, Inc*., 219 F.Supp.2d 1081, 1089 (S.D. Cal. 2002). More specifically, a court should exercise such discretion when the following conditions are met: (1) the suit to be dismissed, stayed, or transferred was filed second (or in this case eleventh), (2) the parties involved in the suits are "substantially similar," and (3) the issues raised in the suits are "substantially similar." *Nova Wines, Inc. v. Adler Fels Winery LLC*, No. C 06-6149, MHP, 2007 WL 708556, at *3 (N.D. Cal. March 2, 2007) (quoting *Nakesh v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989)). Here it is undisputed that Plaintiff filed his case after ten other substantially similar class actions had already been filed. Thus, the only questions are whether the parties and issues are substantially similar. As set forth below, and as is apparent from the class action complaints themselves, the parties and issues are, at a minimum, substantially similar if not identical.

Since the requirements for the application of the first-to-file rule are met, the court may then apply equitable considerations to determine whether "wise judicial administration" warrants relief. *Alltrade*, 946 F.2d at 627. The Ninth Circuit has specifically underscored the value of the first-to-file rule by warning district courts that the rule "should not be disregarded lightly." *Id*. at 625.

### 1.    A Transfer Or Stay Is Warranted Because The Parties Are The Same

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

CASE NO. 19-CV-1083-H-RBB

1    The plaintiffs are the same, and the defendants are substantially similar.

2    Plaintiffs in *Gritz*, the first-filed lawsuit, and *Sindaghatta* both brought putative

3    nationwide class actions on behalf of all persons in the United States who utilized

4    First American's services. *Compare* ECF No. 1, Complaint, ¶ 50, *with* Cocchia

5    Decl., ¶ 2, RJN Exh. A, ¶ 50. It is of no consequence to the application of the first-

6    to-file rule that the class actions do not involve the same named plaintiffs. That the

7    competing suits have identified the same, or substantially the same class is enough

8    to satisfy the second requirement of the first-to-file rule. *Dist. Council 37 Health &*

9    *Sec. Plan v. McKesson Corp.*, No. C 06-00718 SBA, 2006 WL 1305235, at *1

10   (N.D. Cal. May 11, 2006) ("[a]lthough the named plaintiffs are different in the two

11   cases, the named plaintiffs are members of classes which are defined identically in

12   the two actions and are therefore substantially similar"); *see also, Peak v. Green*

13   *Tree Fin. Serv. Corp.*, No C 00-0953 SC, 2000 WL 973685, at *1-3 (N.D. Cal. July

14   7, 2000) (court applied the first-to-file rule and dismissed a second putative class

15   action where another pending class action involved substantially similar claims and

16   parties).

17   The first-filed class action (*Gritz*) and this case both name First American

18   Financial Corporation, the parent company, as a defendant. *Compare* ECF No. 1,

19   Complaint, ¶ 22, *with* Cocchia Decl., ¶ 2, RJN Exh. A, ¶ 11.  *Gritz* also names First

20   American Title Company (the escrow company) while *Sindaghatta* adds First

21   American Title Insurance Company (the title insurance company) as a defendant.

22   *Compare* ECF No. 1, Complaint, ¶ 23, *with* Cocchia Decl., ¶ 2, RJN Exh. A, ¶ 12.

23   All 21 currently pending class actions name First American Financial Corporation

24   as a defendant, and most also include one or both of the two First American

25   subsidiaries as defendants as well. Cocchia Decl., ¶¶ 2-21, RJN Exhs. A - T.

26
          **2.    Both Class Actions Raise The Same Issues**

27

28   The "identity of issues" requirement of the first-to-file rule does not require

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

issues in the two cases to be identical, only substantially similar. In applying the first-to-file rule, the issues in two competing cases are deemed to be substantially similar when they rest on identical factual allegations and assert identical or analogous causes of action against the defendant. *E.g., Dist. Council 37 Health & Sec. Plan*, 2006 WL 1305235, at \*1; *Peak v. Green Tree Fin. Serv. Corp.*, 2000 WL 973685, at \*2.

Here, the cases are based on the same set of factual allegations, taken directly from the May 24, 2019 article posted on https://krebsonsecurity.com (which all 21 lawsuits filed to date specifically reference and rely upon heavily to support their factual allegations). Specifically, the allegations that First American failed to protect customers' personal information over the course of the last 16 years and "leaked upwards of 885 million records and that 'anyone who knew the URL for a valid document at First American's website could view [the PII of any customer] just by modifying a single digit in the link.'" *Compare* ECF No. 1, Complaint, ¶ 10 (quoting krebsonsecurity.com), *with* Cocchia Decl., ¶ 2, RJN Exh. A (*Gritz*), ¶¶ 5-6, 19 (describing the process whereby 885 million records other customers were allegedly exposed by modifying a single digit in a URL link provided by First American to its customers).

Both lawsuits also allege causes of action for the same California consumer protection laws (Business and Professions Code § 17200), negligence and breach of contract. *Compare* ECF No. 1, Complaint, ¶¶ 58-66, 78-85, 96-99, *with* Cocchia Decl., ¶ 2, RJN Exh. A (*Gritz*), ¶¶ 60-79, 80-86, 100-109.

The fact that Plaintiff asserts additional causes of action for breach of implied contract, breach of the implied covenant of good faith and fair dealing, and money had and received, does not make a substantive difference. The law in this Circuit provides that neither the parties nor the issues need be identical. "The 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'" *Inherent.com v. Martindale-Hubbell*, 420

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

F.Supp.2d 1093, 1097 (N.D. Cal. 2006) (collecting cases); *see also Centocor, Inc. v. MedImmune, Inc*., 2002 WL 31465299, at *3 (N.D. Cal. Dec. 16, 2005) (noting that the general requirement is "closely related questions or common subject matter"); *North American Cas. Ins. Co. v. Encompass Power Servs., Inc*., 2005 WL 3453947, *2 (E.D. Cal. Dec. 16, 2005) (same; collecting cases). The threshold of "substantially similar" is unquestionably met here. Plaintiff cannot avoid the well-established first-to-file rule by pointing to claims not present in the *Gritz* matter. *Dumas v. Major League Baseball Props., Inc*. 52 F.Supp 2d 1183, 1193 (S.D. Cal. 1999) ("The additional California state law allegation is not sufficient to take the case out of the first-to-file rule").[2]  It is worth noting that on his civil cover sheet Plaintiff identified two earlier-filed class actions pending in the Central District, *Mohr* and *Resendiz*,  as "related cases," (ECF No.  1), and each of those two "related" cases in now pending before Judge Fischer.

The present action involves the same parties, identical issues and substantially similar legal claims as the first-filed action in the Central District, Western Division, which is, under Ninth Circuit law, the presumptively proper forum for the litigation of this dispute.

### 3.    No Equitable Exceptions To The First-To-File Rule Apply

The Court, in its discretion, may override the strong presumption in favor of the first-filed action only based on "compelling circumstances". *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 269 (C.D. Cal. 1998); *see also, Centocor*, 2002 WL 31465299, at *3. The Ninth Circuit has found the compelling circumstances justifying deviation from the first-to-file rule typically involve bad faith, anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d

[2] Regardless, all of Plaintiff's claims are subsumed by at least one of the ten earlier filed class actions pending in the Central District. *E.g., Shakib*, RJN, Exh. B, ¶¶ 113-123 ("implied contract"), *Resendiz*, RJN Exh. J, ¶¶ 93-99, 110-115 ("implied covenant of good faith and fair dealing" and "money had and received").

CASE NO. 19-CV-1083-H-RBB

at 628. As First American did not file any of the prior ten lawsuits, none of those circumstances apply here.

### B.   Transfer Should Also Be Granted Pursuant to 28 U.S.C. § 1404(a)

In addition to transferring this action pursuant to the first-to-file rule, there is a further and independent basis to transfer under 28 U.S.C. § 1404(a).  Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of the parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a). A transfer in this case to the Central District, Western Division, (where it could have been brought initially) would achieve the objectives of § 1404(a) because it serves the interest of justice, which includes judicial economy.

#### 1.   This Case Might Have Been Brought In the Central District

Plaintiff could just as easily have brought this action in the Central District, Western Division, because subject matter jurisdiction, personal jurisdiction and venue requirements are met there (as reflected by the fact that 15 of the 19 related class actions that are pending in federal court are in the Central District).

#### 2.   Transfer Serves The Interests Of Justice And The Convenience Of Witnesses

The purpose of Section 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Transferring a copycat action to the forum where the first-filed action (and ten other earlier filed actions) is pending promotes these goals by conserving judicial resources and avoiding the possibility of conflicting judgments. *See Wyndham Assocs. V. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) (the purposes of Section

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

1  1404(a) are served when similar actions are transferred to the same tribunal).

2      *Papaleo v. Cingular Wireless Corp.*, No. C 07-1234 MMC, 2007 WL

3  1238713 (N.D. Cal. Apr. 26 2007) is instructive. In *Papaleo*, the Northern District

4  of California transferred a class action to the Western District of Washington

5  pursuant to 28 U.S.C. § 1404(a) because identical legal claims had been alleged in

6  an earlier-filed consolidated putative class action pending in the Western District of

7  Washington. *Id*. at *1. Transferring the action "eliminate[d] duplication in

8  discovery, avoid[ed] conflicting rulings and schedules, reduce[d] litigation cost, and

9  save[d] time and effort of the parties, the attorneys, the witnesses, and the courts."

10  *Id*. at *2.

11      Consistent with *Papaleo*, the Northern District of California has observed,

12  "'[c]onsideration of the interest of justice, which includes judicial economy, may be

13  determinative to a particular transfer motion, even if the convenience of the parties

14  and witnesses might call for a different result.'"  *Elecs. for Imaging, Inc. v.*

15  *Tesseron, Ltd*., No. C 07-05534 CRB, 2008 WL 276567, at *1 (N.D. Cal. Jan. 29.

16  2008) (citation omitted) (referring to the interest-of-justice factor as the "most

17  important consideration" in a transfer analysis). In *Tesseron*, the Northern District

18  of California transferred an action to the Northern District of Ohio, where litigation

19  involving two of the same patents had already commenced, despite several

20  convenience factors favoring the California forum. *Id*. at *1. The court framed the

21  inquiry as follows:

22      "the pertinent question is not simply whether this action would be

23      more conveniently litigated in Ohio than California, but whether it

24      would be more convenient to litigate the California and Ohio actions

25      separately or in a coordinated fashion. In the Court's opinion, the

26      interest of justice and judicial economy would be promoted by

27      transferring this case to Ohio to prevent duplicative and unnecessary

28      efforts."

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

CASE NO. 19-CV-1083-H-RBB

1    *Id.* at *2.

2    Like the *Papaleo* and *Tesseron* courts, this Court should transfer this matter

3    to the Central District, Western Division, which is presently presiding over 15 other

4    substantially similar class actions. Shreyas Sindaghatta is seeking to bring an action

5    on behalf of a national class. ECF. 1, ¶ 50. As a result, his choice of forum merits

6    little weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (giving less

7    weight to a plaintiff's choice of forum in a class action, noting that the court should

8    consider the extent of the plaintiff's and defendant's contacts with the forum, and

9    stating "[i]f the operative facts have not occurred within the forum and the forum

10   has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only

11   minimal consideration").

12   Transferring *Singdaghatta* to the Central District of California, Western

13   Division, will avoid duplicative litigation, prevent inconsistent results, and save

14   time and expenses for the parties, witnesses, and the Court.  The Central District,

15   Western Division, can efficiently assess options for the potential disposition of this

16   action, including whether this action should be stayed pending the resolution of the

17   first-filed matter (*Gritz*).

18   In short, transfer is appropriate under 28 U.S.C. § 1404(a).

19

20   **C.    Alternatively, This Action Should Be Stayed Pending Resolution
            Of The *Gritz* matter**

21

22   Federal district courts have the inherent power to administer their dockets in

23   a manner that conserves scare judicial resources and promotes the efficient and

24   comprehensive disposition of cases.  *Kerotest Mfg. Co. v. C-O-Two Fire Equip.
     Co.*, 342 U.S. 180, 183 (1952); *Colorado River Water Conservation Dist. V. United*

25   *States*, 424 U.S. 800, 817 (1976).  Under the principle of federal comity, a district

26   court "has discretion to transfer, stay, or dismiss" an action whenever it is

27   duplicative of a parallel action already pending in another district court.  *Cedars-*

28

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

*Sinai Med. Ctr. V. Shalala*, 125 F.3d 765, 769 (9th Cir. 1977); *see also, Clinton v. Jones*, 520 U.S. 681, 706, (1997) (citations omitted) (a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket.")  District courts are accorded a great deal of discretion when determining whether one action is duplicative of another.  *Kerotest*, 342 U.S. at 183-184.  A suit is generally duplicative of another "if the 'claims, parties, and available relief do not significantly differ between the two actions.'"  *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted).

As noted above, the putative nationwide class in this action is entirely subsumed by the putative class in *Gritz*.  Likewise, although Plaintiff asserts claims for money had and received, breach of implied contract and breach of implied covenant of good faith and fair dealing, the relief available is duplicative of the legal and equitable relief available for the causes of action asserted in *Gritz*.

In determining whether to grant a motion to stay, "'the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.'"  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*; *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) ("In determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party.").

Judicial economy favors a stay of this action so that the first-filed action be given priority and allowed to proceed.  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 629 (9th Cir. 1991); *Barrington Group, Ltd. v. Genesys Software Sys.*, 239

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA 92121
(619) 236-1414

CASE NO. 19-CV-1083-H-RBB

F.Supp. 2d 870, 873 (E.D. Wis. 2003). Moreover, the interests of Plaintiff are entirely represented by the earlier filed action(s) and Plaintiff will suffer no prejudice as a result of a stay that will permit the orderly administration of this Court's docket. Failure to stay this case, however, or transfer the matter to the Central District, Western Division, for consolidation with the other pending cases, will result in substantial prejudice to First American as a result of litigating the same issues, as against the same putative class, in two different districts.

## IV.   CONCLUSION

First American respectfully requests that the Court transfer this case to the United States District Court for the Central District of California, Western Division, or in the alternative, stay the action indefinitely pending the outcome of *Gritz* in light of: (1) the order in which these cases have been filed ("first-to-file rule"), (2) the identical or substantially similar classes, issues and relief sought, and (3) the judicial economy of consolidating this action with the other numerous class actions pending in the Central District, Western Division.

Dated:  July 2, 2019                     DENTONS US LLP


By:  */s/Robert A. Cocchia*
        Robert A. Cocchia
        Ronald D. Kent
        Joel D. Siegel
        Paul M. Kakuske

Attorneys for Defendants
First American Financial Corporation
and First American Title Insurance
Company

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CALIFORNIA  92121
(619) 236-1414

112667007